Nikolai MIKHAILENKO, Petitioner,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Alberto R. Gonzales,[1] United States Attorney General, Respondents.

No. 04-3206-ag.

United States Court of Appeals, Second Circuit.

April 9, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Paulette Detiberiis, New York, NY, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Katharine J. Smith, Assistant United States Attorney, Birmingham, AL, for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Nikolai Mikhailenko, a native and citizen of Ukraine, seeks review of a May 26, 2004 order of the BIA affirming the March 7, 2003 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Mikhailenko*, No. A76–326–535 (B.I.A. May 26, 2004), *aff'g* No. A76–326–535 (Immig. Ct. N.Y. City March 7, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). We have held that the term "questions of law" was intended "to encompass the same types of issues that courts traditionally exercised in habeas review." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326–27 (2d Cir.2006). A question of law is *not* implicated "when the petition for review essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion." *Id.* at 329.

■ Applying these guidelines to the instant petition for review, the Court finds that it lacks jurisdiction to address Petitioner's asylum claim. In his brief, Mikhailenko alleges that he "clearly demonstrated extraordinary circumstances" that should have excused his failure to meet the one year bar. Mikhailenko does not demonstrate, or attempt to demonstrate, that

the IJ committed a legal or constitutional error, but rather makes the same argument the IJ rejected—that although he paid an "immigration service" to file his asylum application, it never did so. Because Mikhailenko's primary challenge is against the IJ's discretionary determination that he failed to establish extraordinary circumstances, we lack jurisdiction to consider his asylum claim. *See id.* at 329–30.

■ The treatment Mikhailenko complained of, i.e., the various instances of beatings and financial extortion at the hands of the Mafia, was not the result of his political beliefs. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Mikhailenko's argument that he was the subject of political persecution because the Mafia targeted him due to his reliance on the established government is unavailing. Taken to its logical extension, any crime victim who experienced further wrongdoing at the hands of the perpetrator after complaining of the crime would be eligible for political asylum. The IJ did not err in finding nothing "political" about Mikhailenko's reports to the local and state authorities.

Additionally, there is no merit to Mikhailenko's claim that he was persecuted on account of his membership in the social group, "business entrepreneurs," as there is nothing innate or immutable about being a businessman and the group is not sufficiently defined. *See In re A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 73–76 (B.I.A. 2007). Because there is no evidence that Mikhailenko was targeted by the Mafia due to his political beliefs or membership in a particular social group, there is no need to analyze whether the harm done to Mikhailenko by the Mafia was perpetrated by persons or an organization "that the government was unable or unwilling to control." *Rizal v. Gonzales,* 442 F.3d 84, 92 (2d Cir.2006). Finally, the evidence showed that Mikhailenko could avoid future persecution by relocating to another part of Ukraine, specifically the area where he and his son had lived without being targeted by the Mafia. *See* 8 C.F.R. § 208.136(b)(1–2).

■ Because Mikhailenko did not challenge the IJ's denial of CAT relief before the BIA, this Court is without jurisdiction to consider that claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006)(citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Any pending motion for a stay of removal in this petition is DENIED as moot.